# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | | |
|---|---|---|
| DANIEL FLING | * | |
| Plaintiff | * | |
| v. | * | |
| MEGAN J. BRENNAN, POSTMASTER GENERAL, U.S. POSTAL SERVICE | * * | CASE NO.: 1:17cv1266 (LO/JFA) |
| | * | |
| and | * | |
| NATIONAL ASSOCIATES OF LETTER CARRIERS, *An Unincorporated Association* | * * | |
| and | | |
| ALEXANDRA BLAKE HEYWOOD | * | |
| and | * | |
| THE UNIT OWNERS ASSOCIATION OF LILLIAN COURT AT TYSONS II, A CONDOMINIUM, *A Virginia Condominium Unit Owners Association* | * * * | |
| and | * | |
| GATES HUDSON COMMUNITY MANAGEMENT, LLC d/b/a GHA COMMMUNITY MANAGEMENT, *A Virginia Limited Liability Company* | * * * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS THE UNIT OWNERS ASSOCIATION OF LILLIAN COURT AT TYSONS II, A CONDOMINIUM, AND GATES HUDSON COMMUNITY MANAGEMENT COMPANY, LLC d/b/a GHA COMMUNITY MANAGEMENT**

Defendants, The Unit Owners Association of Lillian Court at Tysons II, A Condominium ("Lillian Court"), and Gates Hudson Community Management Company, LLC, d/b/a GHA Community Management, ("Gates Hudson"), by counsel, respectfully submits this Memorandum of Points and Authorities in Support of their Motion to Dismiss. This case involves a Complaint by the Plaintiff alleging improper termination of his employment as a postal carrier by the United States Postal Service.

The allegations against Lillian Court and Gates Hudson are based on an e-mail which was not authored by either of these defendants, but was provided to them by one of the residents in the Lillian Court condominium community and then turned over at the request of a United States Postal Special Agent investigating the plaintiff.

As such, any defamation claim against Lillian Court and Gates Hudson is defeated by the application of the absolute and qualified privilege in turning information over to law enforcement.  Even if that privilege does not apply, there was no defamatory statement made by either of these defendants as it was written by someone else – codefendant Heywood.  Lastly, the statements made by co-defendant Heywood in the email were not defamatory.  There were no assertions that the content in the email was factual, there was no representation made by these defendants that this was anything more than an email authored by Heywood, and no action was taken by these defendants concerning this email other than producing it to the USPS investigator at his request.

The claim of tortious interference with a business relationship fails to state a cause of action for which relief can be granted and it is respectfully submitted that all claims against Gates Hudson and Lillian Court should be dismissed.

## I. STATEMENT OF THE FACTS

Defendant Lillian Court is a 286 Unit Condominium Community located adjacent to Tyson's Galleria Mall that is governed by its Condominium Unit Owners Association. Gates Hudson Community Management is a full-service Association Management company, specializing in condominium, cooperative and homeowner associations and provides management services to Lillian Court.

The U.S. Mail is delivered by the United States Postal Service to Lillian Court in central boxes located in each of the buildings. There are three (3) central areas where there are mail boxes in the buildings. The delivery of the mail is not administered either by Lillian Court or by Gates Hudson.

The events alleged in the Amended Complaint first came to the attention of the Gates Hudson manager at the time, Ms. Brittany Dunning, on January 11, 2017. On or around that date, a woman resident came into the management office. Ms. Dunning is not sure if she spoke to the woman at that time, but shortly thereafter on that same day, the woman sent an e-mail to Ms. Dunning regarding her concerns about the Postal Carrier. Ms. Dunning's recollection is that in response to the resident's concerns, she would have told the resident to contact the Police, as per standard procedure and consistent with her training.

Sometime thereafter, Steven Scully, a United Stated Postal Service Investigator, came to Lillian Court and interviewed Brittany Dunning. He inquired whether there had been any

unusual activity with relation to the delivery of the mail and Brittany Dunning advised him that she had been contacted by Ms. Heywood and received an email from Ms. Heywood regarding her interactions with the carrier. The Investigator asked for a copy of the e-mail and Dunning provided it to him. Attached is a copy of the business card of Mr. Scully provided to M.s Dunning (Exhibit A) and the affidavit of Ms. Brittany Dunning regarding these events (Exhibit B). Ms. Dunning made no independent statements or comments about the carrier and only provided the information that had been given to her by a resident.

Approximately a week later, the Branch Manager for the United States Postal Service, McLean Branch, came into Lillian Court and advised Ms. Dunning that another mail carrier would be delivering mail to Lillian Court. Lillian Court, Gates Hudson, and Ms. Dunning had no knowledge as to what happened after that with respect to the postal carrier.

## II.  PLAINTFF'S DEFAMATION CLAIM MUST BE DISMISSED

Plaintiff claims in Count II that Lillian Court and Gates Hudson defamed him by sharing the email with a postal investigator. The e-mail attached to the Plaintiff's Amended Complaint (Exhibit C) was not authored by Lillian Court, nor was it written by Gates Hudson, and no action was taken by Lillian Court or Gates Hudson as to the content of the email written by Co-Defendant Heywood. Thus, there is no factual basis to support a defamation claim against Lillian Court or Gates Hudson.

As the attached Affidavit of Brittany Dunning makes clear, Lillian Court merely provided the e-mail to an investigator for the United States Postal Service. There is no factual basis for plaintiff's claim that there was intent to defame or otherwise harm the plaintiff. These defendants were only complying with the proper request of a USPS Investigator. This was standard

procedure and in fact a duty of the manager and the community association on behalf of community residents.

The statements to the postal service special investigator were absolutely privileged. In *Shabazz v. PYA Monarch*, LLC, 271 F. Supp. 2d 797 (E.D. Va. 2003), the defendant was asked for information by the FBI and the court found an absolute privilege. Similarly, in the present case, Gates Hudson and Lillian Court were asked for an email by a postal special agent. These actions are similarly absolutely privileged.

Even were this Court to conclude that an absolute privilege did not apply, the actions by Gates Hudson and Lillian Court in providing an email to an investigator are entitled to a qualified privilege. In Virginia, a communication made in good faith, on a subject matter in which the person communicating has an interest, or owes a duty, legal, moral or social is qualifiedly privileged if made to a person having a corresponding interest or duty. *Taylor v. Grace*, 166 Va. 138, 144, 184 S.E. 211, 213 (1986).

In the present circumstances, a property manager has a legal and moral obligation to the safety of residents to relay complaints about a postal carrier from one of its residents to the postal investigator upon his request. Similarly a postal investigator has a duty to investigate.

Additionally, the actions of Gates Hudson and Lillian Courts are subject to a qualified privilege as communications to law enforcement. *See Marsh v. Commercial AN Savings Bank of Winchester, VA*, 265 F. Supp. 614 (W.D. Va. 1967) (finding, as a matter of law, that statements made by two bank tellers to the police could not be used as the basis for a defamation claim.)

A qualified privilege may only be defeated "if a plaintiff proves by clear and convincing evidence that the defamatory words were spoken with common law malice." *Southeastern Tidewater v. Bade*, 246 Va. 273, 276, 435 S.E.2d 131 (1993). In the Amended Complaint, there

is no factual allegation or basis for a showing of malice. Ms. Dunning turned over an email pursuant to an investigator's request, without making any representations.

The words at issue in the email attached to plaintiff's complaint also fail to state a common law claim for defamation because the specific words alleged lack a defamatory meaning. Under Virginia law, the elements of defamation are "(1) publication of (2) an actionable statement with (3) the requisite intent." *Jordan* v. *Kollman,* 269 Va. 569, 575 (2005). "To be actionable, the statement must be both false and defamatory." *Id.* "A false statement must have the requisite defamatory "sting" to one's reputation." *Schaecher v. Bouflault,* 290 Va. 83, 92 (2015). To establish the required "sting," the word must tend to injure one's reputation in the common estimation of mankind, to throw shame or disgrace upon [the plaintiff], or which tend to hold him up to scorn, ridicule, or contempt, or which [are] calculated to render him infamous, odious, or ridiculous." *Id.*

The specific words in the email at issue here fail to meet these legal standards. The email attached as Exhibit 1 to the Amended Complaint and referred to in paragraph 53 a-g references a "few odd occurrences" with Daniel, specifically states that it is not making allegations, and contains only Ms. Heywood's impressions of the plaintiff and how it made her feel. There is nothing said in the email that constitutes an actionable statement and nothing that would "sting" anyone's reputation.

Additionally, Count II fails to state a common law claim for defamation because the alleged defamatory statements are protected opinion. "Speech which does not contain a provably false factual connotation, or statements which cannot reasonably be interpreted as stating actual facts about a person cannot form the basis of a common law defamation action." *Yeagle v. Collegiate*

*Times,* 255 Va. 293, 295, 497 S.E.2d 136, 137 (1998), *accord WJLA-TV v. Levin,* 264 Va. 140, 156, 564 S.E.2d 383, 392 (2002). Statements that are relative in nature and depend largely upon the speaker's viewpoint are expressions of opinion. *Chaves v. Johnson,* 230 Va. 112, 119 (1985). Whether an alleged defamatory statement is one of fact or opinion is a question of law and is, therefore, properly decided by a court instead of a jury. *Id.*

In the case at bar, the specific words alleged to be defamatory are not factual assertions, do not make allegations and merely reference Ms. Heywood's impressions and opinions about her encounters with the plaintiff that she describes as a few odd occurrences. It is respectfully submitted that these opinions and impressions cannot reasonably be interpreted as stating actual facts and do not support a claim for defamation as a matter of law.

### III. COUNT III ALLEGING DEFAMATION PER SE MUST BE DISMISSED

Count III fails to state a common law claim for defamation *per se* because the specific words alleged do not injure Plaintiff in his business, profession or trade. It is long settled in Virginia that, "[a]t common law defamatory words which are actionable *per se* are: (1) Those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished (2) Those which impute that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society. (3) Those which impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment. (4) Those which prejudice such person in his or her profession or trade. *Carwile v. Richmond Newspapers,* 196 Va. 1, 7 (1954). There is no statement or action by Lillian Court or Gates Hudson that support this claim. Furthermore, the specific words alleged, to wit, "odd occurrence" and "not making allegations" are not words that injure Plaintiff in his business, profession or trade.

## IV. THE TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP MUST BE DISMISSED

To state a claim for tortious interference with a business relationship, plaintiff must show 1) existence of a valid business expectation with probability of future profit 2) defendant's knowledge of that expectancy 3) reasonable certainty that absent defendant's misconduct, plaintiff would have realized this expectancy and 4) damage to the plaintiff. *Cherokee Corporation of Linden, Virginia, Inc. v. Capital Skiing Corporation*, 222 B.R. 281 (U.S. BR ED Va. 1998).

Reviewing the plaintiff's Amended Complaint in the light most favorable to the Plaintiff, the Amended Complaint is devoid of any factual assertions that meet the above referenced elements and support this claim. There is nothing that would support the claim that these defendants were aware of the employment status of the plaintiff regarding his terms of employment or any personnel issues that may have existed that would impact on that employment, and certainly there is no misconduct as the only allegation is that these defendants turned over an email to an investigator at his request, which is privileged and appropriate. There is no interference with any business relationship by Gates Hudson and Lillian Courts.

## CONCLUSION

For all the foregoing reasons, it is respectfully requested that this court enter an order dismissing the Amended Complaint against Lillian Court and Gates Hudson with prejudice, together with such other and further relief as this court deems just and proper.

Respectfully Submitted

<u>/s/  Anthony D. Dwyer</u>
Anthony D. Dwyer, Bar #38342
Law Office of Anthony D. Dwyer
1954 Greenspring Drive
Suite 435
Timonium, MD  21093
410-453-4471
Anthony.dwyer@cna.com

Donald E. Morris, VSB#:  72410
Law Office of Anthony D. Dwyer
3957 Westerre Parkway Suite 320
Richmond, VA  23233
804-934-2682 – Phone
312-894-3548 – Facsimile
Donald.morris@cna.com
*Attorney for Defendants,*
*Gates Hudson Community Management*
*LLC, d/b/a GHA Community Management and*
*The Unit Owners Association of Lillian Court*
*At Tysons II, A Condominium*

**CERTIFICATE OF SERVICE**

I hereby certify this 9th day of February, 2018, that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Christopher R. Rau, Esquire (VSB No.: 34134)
Law Offices of Christopher R. Rau
6711 Lee Highway, Suite 220
Arlington, VA 22205-1940
703-536-1660-Telephone
crrau@aol.com
*Attorney for Plaintiffs*

Lucas R. Aubrey, Esquire
Sherman, Dunn, P.C.
900 Seventh Street, N.W. Suite 1000
Washington, D.C. 20001
*Counsel for National Association of Letter Carriers*

Jefferson B. Sessions, III, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001
*Attorney General of the United States*

And I hereby certify that I have mailed the foregoing by United States Postal Service to the following non-CM/ECF participant:

Megan B. Brennan, Postmaster General
U.S. Postal Service
475 L'Enfant Plaza, S.W.
Washington, D.C. 20260
*Postmaster General of the U.S. Postal Service*

/s/  Donald E. Morris
Donald E. Morris, VSB#:  72410
Law Office of Anthony D. Dwyer
3957 Westerre Parkway Suite 320
Richmond, VA  23233
804-934-2682 – Phone
312-894-3548 – Facsimile
Donald.morris@cna.com
*Attorney for Defendants,*
*Gates Hudson Community Management*
*LLC, d/b/a GHA Community Management*
*and The Unit Owners Association of Lillian*
*Court At Tysons II, A Condominium*
