IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



| | |
|---|---|
| DANIEL P. FLING,<br><br>        *Plaintiff,*<br><br>v.<br><br>MEGAN J. BRENNAN, POSTMASTER GENERAL, ET AL.,<br><br>        *Defendants.* | Civil Action No. 1:17-cv-1266<br>Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on Unit Owners Association of Lillian Court at Tysons II, A Condominium ("the Owners Association") and Gates Hudson Community Management's ("Gates Hudson") joint Motion to Dismiss (Dkt. 32) and Alexandra Blake Heywood's Motion to Dismiss and Award Attorneys' Fees (Dkt. 39). The motions are fully briefed. The Court heard oral arguments on the motions on March 9, 2018.

For the reasons stated from the bench and for good cause shown, both motions to dismiss are **GRANTED**. The Court finds the factual allegations in the Amended Complaint woefully inadequate to support Plaintiff's claims for defamation, defamation per se, and tortious interference with a business relationship. Because the Court sees no conceivable way for these claims to be adequately pleaded and therefore allowing for any amended complaint would be futile, this dismissal is **WITH PREJUDICE**.

Turning to attorneys' fees, Ms. Heywood's asserts that Va. Code § 8.01-223.2 is applicable to federal court proceedings dealing with state law claims, that the statute immunizes Ms. Heywood as to these claims, and that the statute entitles Ms. Heywood to attorneys' fees. By

its plain terms, the statute does not confer immunity from lawsuit, but rather immunity from ultimate liability and therefore creates a procedural right to a heightened pleading standard rather than a substantive right. *See ABLV Bank v. Center for Adv. Defense Studies Inc.*, 2015 WL 12517012, at *2 (E.D. Va. Apr. 21, 2015) (analyzing statutes similar to Va. Code § 8.01-223.2 and citing a body of appellate case law where applicability of the state statutes to federal court proceedings on state law claims turns on whether the statutes confer immunity from suit or immunity from liability). However, Va. Code § 8.01-223.2(b) may confer a substantive right to attorneys' fees where the elements of Va. Code § 8.01-223.2(a) are met. *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 911 F. Supp. 2d 340, 356 (E.D. Va. 2012), *vacated on unrelated grounds* (June 12, 2014).

The Court **DENIES** Ms. Heywood's request for attorneys' fees pursuant to Va. Code Ann. § 8.01-223.2. The Court will, however, entertain a FED. R. CIV. P. 54 motion for attorneys' fees which provides a) sufficient grounds for the Court to find that Va. Code § 8.01-223.2(b) confers a substantive right, b) sufficient grounds to find the elements of Va. Code § 8.01-223.2(a) present in this case to trigger that right, and c) which otherwise conforms to the requirements of FED. R. CIV. P. 54.

It is so **ORDERED**.

March 9, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge

2